UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID JAMES SYLVESTER, | Civil No. 09-2544 (JMR/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MARY CHRISTINE SYLVESTER, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Mother – 'Mary' was payee and I was payor of RSDI – Fed. Dist. income to live on by law, from May – 2002 – Dec – 2002 employed by LABOR ALL and EXIDE. Never received 1,078.00 per month from those months.
>
> I never – received my RSDI from payee for 9 months, I want restitution from codefendant. And criminal charges braught [sic]."

The civil cover sheet filed with Plaintiff's complaint includes a "brief description of cause" section, which states: "Fraud – Theft by Payee of RSDI."

As far as the Court can tell, Plaintiff is alleging that in 2002 his mother, Defendant Mary Christine Sylvester, misappropriated nine monthly RSDI payments, (presumably meaning "Retirement, Survivors and Disability Insurance" benefits paid by the Social Security Administration), which rightfully belonged to Plaintiff. Now, seven years later, Plaintiff seems to be claiming that Defendant wrongly kept those payments, and converted them to her own use. Plaintiff is seeking "restitution," and he also wants criminal charges to be brought against Defendant.

Plaintiff's complaint does not identify any grounds for federal subject matter jurisdiction, as required by Fed. R. Civ. P. 8,[1] and the Court cannot independently discern any basis for exercising subject matter jurisdiction in this action. The Court will therefore recommend that this case be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

---

[1] Rule 8(a) requires that every complaint filed in federal court must include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

2

In this case, there are no allegations in the complaint which suggest that Plaintiff's claims are based on the federal Constitution, or on any laws or treaties of the United States. There are several federal laws pertaining to the "misuse" of Social Security payments by a "representative payee" – i.e., an individual who has been designated to receive Social Security payments for a beneficiary who is mentally or physically incapable of handling the payments himself. See 42 U.S.C. § 405(j)(7), 42 U.S.C. § 1007(l), 42 U.S.C. § 1383(a)(2)(A); 20 C.F.R. §§ 404.2041, 416.641. However, those laws provide remedies against representative payees that are enforceable only by the Social Security Administration, and not by individual Social Security beneficiaries who may have been harmed by the misconduct of a representative payee. See Bates v. Northwestern Human Services, Inc., 466 F.Supp.2d 69, 98 (D.D.C. 2006) ("it is clear that nothing in these statutes expressly states that a beneficiary may file a lawsuit against a representative payee who has misused his or her benefits payments or otherwise violated the terms of the representative payee provisions").[2] There appears to be no federal law that authorizes a Social Security beneficiary to sue a representative payee directly for alleged misappropriation or other misuse of Social Security payments. Thus, the Court finds that subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. §

---

[2] The Bates decision fully explains why no privately enforceable remedy is created by the various federal laws pertaining to misuse of benefits by representative payees. 466 F.Supp.2d at 97-102. See also Monet v. Mathews, 535 F.Supp.2d 132 (D.D.C. 2008) (federal court lacked subject matter jurisdiction over misuse of benefits claim, because the apposite statutes provide for administrative review of alleged misconduct by representative payees, and claimants must exhaust administrative remedies before seeking relief in federal court); Frohwerk v. Brinkley, No. 3:09-CV-161 RM (N.D.Ind. 2009), 2009 WL 2106212 (same).

1331.[3]

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Here, the complaint clearly indicates that both Plaintiff and Defendant are Minnesota residents, so there obviously is no diversity of citizenship in this case. Furthermore, the amount in controversy in this case is just over $10,000.00 – far below the $75,000.00 minimum needed for diversity jurisdiction.

Thus, the Court finds that federal subject matter jurisdiction does not exist in this case, under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[4]

---

[3] Representative payees who misuse Social Security payments may be subject to criminal sanctions under 42 U.S.C. § 408(a)(5). However, the courts do not decide whether an individual should be charged with a crime; that is the responsibility of the executive branch. See United States v. Nixon, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."), cert. denied, 532 U.S. 1019 (2001). Therefore, the Court cannot grant Plaintiff's request that criminal charges be brought against Defendant.

[4] The Court's recommendation does not necessarily signify that Plaintiff has no legal recourse for the injury alleged in his complaint. As noted in the text, there are several federal laws pertaining to the misuse of Social Security benefits by representative payees. However, those laws require Plaintiff to seek redress through the Social Security Administration, rather than the federal courts. (See n. 2, supra.) Plaintiff might also be

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.


Dated: October 8, 2009

                                              s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 22, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

able to pursue state tort law claims against Defendant, (perhaps for conversion, fraud or unjust enrichment), but any such claims would have to be brought in state court. Although Plaintiff may still have some available legal recourse, he is strongly encouraged to seek legal assistance before making any further efforts to recover his allegedly misappropriated Social Security benefits.